IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **BARBARA CIVERS ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action No. 3:18-CV-__151-TCB-RGV__ |
| **v.** ) | |
| ) | Jury Trial Requested |
| **CVS LAGRANGE 4540,** ) | |
| **L.L.C.,   -and-** ) | |
| **CVS PHARMACY, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff Barbara Civers , by her undersigned counsel, and files this Complaint, showing the Court the following:

### A. PRELIMINARY STATEMENT

1. This is an employment action between Plaintiff and her former employer.

14.2. Plaintiff brings this action against Defendants for race and sex discrimination and retaliation in violation of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq. ("Title VII") and discrimination and retaliation in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 ("Section 1981") as well as for violations of the Family and Medical Leave Act, 29 USC §§2601 et seq. ("FMLA")

.

## B. JURISDICTION, ADMINISTRATIVE PRE-REQUISITES, AND VENUE

3. The federal jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

4. Plaintiff submits to the jurisdiction of this Court by filing suit which suit is filed within 90 days of her receipt of the notice of right-to-sue from the Equal Employment Opportunity Commission ("EEOC").

5. All of the acts and omissions complained of herein occurred in the Northern District of Georgia and more specifically in that area of and around Troup County Georgia that is encompassed by the Newnan Division.

6. Accordingly, venue is proper in this Court.

## C. PARTIES

7. Plaintiff is a female African-American former employee of Defendant who was employed from September 2009 until November 2018.

8. Defendant CVS Pharmacy, Inc. ("CVS"), is a foreign corporation based at One CVS Drive, Woonsocket, Rhode Island and is registered to do business in Georgia.

9. Defendant CVS may be served at its Registered Agent, CT Corporation 289 S Culver St, Lawrenceville, Georgia, 30046-4805.

10. CVS LaGrange 4540, LLC (Store 4540") is a foreign limited liability company doing business in Georgia at located at 1802 Roanoke Road LaGrange, Georgia 30240, and is the CVS store at which Plaintiff actually worked initially.

11. Defendant Store 4540 may be served at its Registered Agent, Corporation Company, 112 North Main Street, Cumming, Georgia, 30040.

12. Accordingly, the Court has personal jurisdiction over the parties.

### D. FACTUAL ALLEGATIONS

13. Plaintiff began employment with Defendant CVS in December 2009 at Store 4540.

15. In 2013, Plaintiff gained a full time position as Lead Pharmacy Technician at Store 4540.

16. On or about May 27, 2016, Plaintiff began a leave of absence because of her pregnancy.

17. Plaintiff applied for and received leave for her pregnancy by CVS.

18. In the twelve months prior to her leave, Plaintiff worked for over 1,250 hours and had not taken any leave time.

19. She returned from pregnancy leave on August 8, 2016 (ten weeks and three days later).

20. Plaintiff was informed that Casey Lee, an uncertified White Pharmacy Technician, was assigned to fill in for Plaintiff.

21. On July 31, 2016 Plaintiff informed Paula Monk, a White supervisor of Plaintiff and the Pharmacist in Charge that she would return from pregnancy leave on August 8, 2016.

22. Plaintiff visited another CVS location for prescriptions during her pregnancy and was casually informed by a Pharmacy Tech that they had been told, in the course of their duties, that Plaintiff would not be returning to work.

23. When Plaintiff attempted to return on August 8, 2016, the Store Manager Cindy Karpik, who is White, and Paula Monk did not allow Plaintiff to return to her position and would not reactivate Plaintiff's employee status. Instead Plaintiff was given assignments by Ms. Monk. Plaintiff was not returned to the payroll system. After Plaintiff failed to

receive any wages on August 19, 2016. She complained to the Store Manager Ms. Karpik, who had just had a White baby.

24. In response, Ms. Karpik ignored Plaintiff and walked away with Andy Dennis, the White male Store Manager of Store No. 10358 (and father of the infant son identified above who they cared for in the back storage area of Store 4540.

25. Upon complaining that she should be allowed to return and that CVS's failure to do so was race and sex discrimination, Plaintiff was then transferred to Store 4579 which was 57 miles away and caused a commute of nearly an hour and a half each way.

26. This unwanted reassignment was unreasonably difficult and caused Plaintiff's constructive termination (through resignation) on November 28, 2016.

27. Plaintiff then filed her first Charge of Discrimination with the EEOC in February 2017.

28. A few months thereafter, seeing the exposure to liability, Plaintiff was re-hired and assigned to another store (Store 3082) on July 18, 2017 and hoped to be allowed to do her job without further retaliation or discrimination. The offer of reemployment and assignment to a closer

store was made in an effort to cut off mounting damages for the initial unlawful acts engaged in by Defendants.

29. This was not the case. Referring to her complaint of race and sex discrimination, Mr. Tim Ridling, who was the White Store Manager at the new location told employees of the Pharmacy Department that Plaintiff was a trouble maker and he advised the gathered employees in the weeks before Plaintiff's arrival, that they should call the Ethics Hotline and complain about Plaintiff.

30. On or about August 2017 and thereafter, Ms. Monk continued to make racist, derogatory, negative and false statements about Plaintiff .

31. For example, on or about September 10, 2017, Ms. Monk approached Natasha Brown [a current coworker of Barbara Plaintiff who was visiting the store Plaintiff had worked at] and asked how things were going "now that Barbara [Plaintiff ] is at your store?"

32. Referring to Plaintiff's complaints of race and sex discrimination, Ms. Monk warned Ms. Brown that Plaintiff was a "troublemaker" and that she [Ms. Monk] got rid of Plaintiff because of her "bad attitude." Ms. Monk advised Ms. Brown that they should "watch her [Plaintiff ]" because Plaintiff was a "bad influence."

33.     Neither Mr. Ridling nor Ms. Smith communicated directly with Plaintiff after her arrival in July 2017.

34. Between July 2017 and November 2018, Plaintiff was not allowed to work more than 30 hours per week with rare exception. All other pharmacy employees could regularly work up to 38 hours.

35. The working conditions included dismissive treatment and non-inclusion in employee activities throughout this period.

36.     As an example, in December 2017 on a particularly cold day, Plaintiff arrived to work on time wearing a winter jacket. The Pharmacist, Kathy Smith who is White, screamed at her to take off her jacket immediately.

37. White employees regularly wear jackets on cold days without repercussion while Plaintiff had just arrived for work and was in the store for mere seconds when screamed at.

38. Ms. Smith also refused to call Plaintiff by her name, referring instead to "somebody" as in "somebody needs to fill this" even though Plaintiff is the only person she could be referring to.

39. In early 2018, Plaintiff was assigned to take out the garbage as part of her duties. No other Lead Pharmacy Technician was required to perform this task.

40. On the day Plaintiff returned from a medical leave, four weeks after Plaintiff requested her Right-to-Sue notice from the EEOC in order to proceed with filing suit on the discrimination claims, Ms. Smith approached Plaintiff and started shouting at Plaintiff .

41. Ms. Smith screamed that Plaintiff , "keeps trying to start things up again" and that Plaintiff ' caused "problems" and stirred things up. Smith waved her arm at Plaintiff in a threatening gesture and told Plaintiff to "go home" because "you are just creating problems."

42. Smith then stated to an internal CVS investigator that Plaintiff ' assaulted her. That same CVS investigator Kayla Carson viewed the video tape of the incident and told Plaintiff that she had viewed it and agreed that there was no movement of any kind by Plaintiff and that Smith had lied.

43. Soon after, Tim Riding, the Store Manager stated to Plaintiff 's coworkers, while laughing, that "we got rid of one troublemaker, we don't need no more."

44.  Plaintiff was told she was terminated on November 14, 2018.

45. The sole reason for her termination was that CVS felt Plaintiff's statements and filings alleging race and sex discrimination and retaliation were troublemaking.

## COUNT I: RACE DISCRIMINATION UNDER TITLE VII

46. Plaintiff restates and re-alleges as if fully set forth herein paragraphs 1 through 44 above.

47. Defendants conduct constitutes discrimination in the terms and conditions of employment on the basis of race in violation of Title VII.

## COUNT II: SEX DISCRIMINATION UNDER TITLE VII

48. Plaintiff restates and re-alleges as if fully set forth herein paragraphs 1 through above.

49. Defendants' conduct in refusing to allow Plaintiff's return after leave, offer a far more difficult assignment, and sabotage the eventual reassignment as well as Plaintiff's treatment in other terms and conditions of employment and application of leave policy constitute a violation of the Pregnancy Discrimination Amendment to Title VII and constitutes Sex discrimination in violation of Title VII.

50. Defendants' conduct also constitutes affording differing treatment to female employees returning from a pregnancy leave as opposed to male employees returning from other leaves.

## COUNT III: RACE DISCRIMINATION UNDER SECTION 1981

51. Plaintiff restates and re-alleges as if fully set forth herein paragraphs 1 through 44 above.

52. Defendants' conduct constitutes discrimination in the terms and conditions of employment on the basis of race in violation of Section 1981.

## COUNT IV: RETALIATION UNDER TITLE VII

53. Plaintiff restates and re-alleges as if fully set forth herein paragraphs 1 through 44 above as if fully restated here.

54. Defendants' conduct described above constitutes retaliation under the opposition and the participation clause of Title VII's anti-retaliation provisions.

## COUNT V: RETALIATION UNDER SECTION 1981

55. Plaintiff restates and re-alleges as if fully set forth herein paragraphs 1 through 44, above.

56. Defendants' conduct described above constitutes retaliation in violation of Section 1981.

## COUNT VI: VIOLATION OF FAMILY MEDICAL LEAVE ACT

57. Plaintiff restated and re-alleges as if fully set forth herein, paragraphs 1 through 56, above.

58. Plaintiff was entitled to 12 weeks of unpaid leave and in fact asked for and received leave authorization.

59. Defendant willfully and knowingly refused to allow Plaintiff to return to her position despite never notifying her or designating her of any key employee status.

60. Plaintiff was not a key employee and should have been returned to her position at Store 4540 upon the expiration of her leave.

61. The conduct described above constitutes a violation of the FMLA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

A. That the Court enter judgment against Defendants for compensatory damages;

B. That the Court enter judgment against Defendant Conifer for punitive damages;

C. That the Court enter judgment against Defendants for Plaintiff's expenses of litigation incurred in this action, including reasonable attorney's fees under lodestar calculation;

D. That the Court reinstate Plaintiff.

E. That the Court grant Plaintiff a trial by jury; and

F. That the Court award Plaintiff such other relief as it deems just and equitable.

This 27th day of December 2018

    __s/JohnDWales_____
    John D. Wales, Esq.
    Georgia Bar No. 730785
    Law Office of John D. Wales, P.C.
    600 Village Trace, N.E. Suite 175
    Marietta, Georgia 30067
    Tel. (770) 850-2545
    Fax (770) 850-2548
    johndwales@aol.com
    Attorney for Plaintiff